IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM THOMAS DAVIS,

    Petitioner,

v.                                      Civil Action No. 5:13CV116
                                          (Criminal Action No. 5:08CR21)
UNITED STATES OF AMERICA,                        (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE,
DENYING A CERTIFICATE OF APPEALABILITY AND
DENYING AS MOOT PETITIONER'S MOTION TO COMPEL A RESPONSE**

I. Procedural History

At issue in this civil action is the pro se[1] petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("§ 2255"). ECF No. 91.[2] United State Magistrate Judge John S. Kaull entered his report and recommendation, wherein he recommended that the petitioner's motion should be denied and the civil action should be dismissed with prejudice. ECF No. 114. In particular, the magistrate judge first determined that the petitioner's motion was not second or successive. However, the magistrate judge next found that the petitioner's claims were without merit because the issues he raised were previously rejected

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2] All docket numbers refer to entries in Criminal Action No. 5:08CR21.

on direct appeal and may not now be raised in a collateral attack. In the report and recommendation, the magistrate judge also determined that the respondent did not need to respond to the petitioner's motion.

The petitioner timely filed objections. ECF No. 116. The petitioner argued that the magistrate judge improperly recommended dismissal of his petition because the government did not respond. Further, the petitioner argued that Descamps v. United States, 133 S.Ct. 2276 (2013), applies to his case. That decision was not published until after his direct appeal was decided in 2012. The petitioner also argued that his claims are within the scope of review. After reviewing the petitioner's objections, this Court entered an order sustaining the petitioner's objections as framed and directing the respondent to file a response. ECF No. 124. In that order, this Court required the respondent to respond within two weeks of receipt of that order, and then provided the petitioner with the same amount of time to file a reply.

In its response, the respondent first argues that no legal requirement exists where the government must respond to every habeas petition. ECF No. 126. Moreover, the respondent claims that § 2255 motions may be dismissed despite receiving no response by the government. Third, the respondent points out that Descamps fails to support any of the petitioner's arguments. The petitioner then filed his reply, first arguing that the government "over

2

responded" to his objections. ECF No. 128. Regarding that argument, the petitioner contends that the government was only directed to respond to the matters in his objections, not the matters in his § 2255 motion. Next, the petitioner claims that summary dismissal of his motion is inappropriate. The petitioner also takes issue with the application of the Armed Career Criminal Act ("ACCA") to his sentence, especially in light of the recent Descamps decision. Finally, the petitioner claims that not only has the government undermined "the great writ," but also that no bar to relitigating his claims exists. For those reasons, the petitioner requests that this Court decline adopting the magistrate judge's report and recommendation, require the government to respond to his § 2255 motion instead of only his objections, and any other just and proper relief that this Court deems necessary.

## II. Facts

In April 2008, the petitioner pleaded guilty to a single-count information, which charged him with being a felon in possession of a firearm. ECF No. 25. Later, at the petitioner's sentencing hearing, the petitioner was designated an Armed Career Criminal, and sentenced to 180 months of incarceration, followed by five years of supervised release. Id. at ECF No. 33. The petitioner then filed his first motion under § 2255. ECF No. 40. In that motion, the petitioner argued that his counsel was ineffective and that the government breached the plea agreement. This Court

eventually granted the petitioner's claim of ineffective assistance of counsel because his counsel failed to file an appeal regarding his sentence.³

Following that ruling, the petitioner then filed a notice of appeal. Id. at ECF No. 75. The United States Court of Appeals for the Fourth Circuit affirmed the petitioner's sentence. In affirming the petitioner's sentence, the Court specifically pointed out that the petitioner's "convictions for attempted breaking and entering and conspiracy to break and enter" fell under the residual clause of the ACCA. United States v. Davis, 689 F.3d 349 (4th Cir. 2012). Because of that and additional reasons that are irrelevant to this civil action, the Court affirmed the petitioner's sentence. Id. at ECF No. 86.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to the findings where no objections exist, however, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there

---

³See Davis v. United States, 5:09CV34, 2011 WL 719062 (N.D.W. Va. Feb. 22, 2011).

4

is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

III. Discussion

In his § 2255 motion at issue, the petitioner argues that the United States Court of Appeals for the Fourth Circuit committed a constitutional error by applying the ACCA's residual clause to his previous attempted breaking and entering conviction, which enhanced his sentence. Next, the petitioner believes that the ACCA's residual clause is both impermissibly and unconstitutionally vague "in general and as applied." ECF No. 97. The petitioner then points to a third reason for relief, which is that "[t]he Court of Appeals [for the Fourth Circuit] applied the residual clause of the ACCA. No one else suggested that. The court should have remanded the matter." Id. That application of the residual clause allegedly infringed upon the petitioner's statutory right to appeal. Id. The magistrate judge then determined that the petitioner reasserted the same arguments from his direct appeal in his § 2255 motion at issue. Because the issues regarding those arguments were previously rejected on direct appeal, the magistrate judge found that the petitioner may not raise those same arguments again in a collateral attack. Herman v. United States, 227 F.2d 332 (4th Cir. 1955) (per curiam); see Boeckenempt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). The petitioner

5

then filed objections[4] to that report and recommendation, wherein he (1) objected to the report and recommendation being entered without a response by the respondent, and (2) believed that the holding of Descamps means that he should not have received a sentencing enhancement under the ACCA. This Court sustained those objections as framed, and required the respondent to respond. The respondent later filed its response, and the petitioner filed a reply.

After reviewing the filings of the parties, this Court finds that the report and recommendation of the magistrate judge must be adopted for three reasons. First, the magistrate judge was correct in determining that the petitioner attempted to assert the same arguments from his direct appeal in his § 2255 motion at issue. On direct appeal, the petitioner argued the following: (1) that the government breached the terms of his plea agreement, and (2) that the petitioner's prior convictions should not be counted regarding the mandatory minimum sentence under the ACCA. In his § 2255 motion at issue, the petitioner again essentially argues that his previous convictions should not have been included under the ACCA. Regarding his arguments under the ACCA, those arguments were rejected on direct appeal, and that ruling cannot now be

---

[4]It should be noted that in his objections the petitioner concurs with the magistrate judge's determination that his § 2255 motion is not second or successive. ECF No. 128. Accordingly, that issue will not be addressed.

reconsidered in this collateral attack.  <u>Herman</u>, 227 F.2d at 332; see <u>Boeckenempt</u>, 537 F.2d at 1183.  Second, the petitioner believes that his only opportunity to attack the ruling from his direct appeal is by filing the § 2255 motion at issue.  In particular, he claims that he was effectively sentenced by the Court of Appeals for the Fourth Circuit, and thus somehow deprived of his right to appeal.  The petitioner, however, cannot challenge that ruling in this Court by a collateral attack.  <u>See</u> <u>Johnson v. United States</u>, 7:07CR48, 2012 WL 6738265 (W.D. Va. Dec. 12, 2012).  As the magistrate judge correctly points out, the petitioner should have filed either a petition for rehearing <u>en banc</u> in the Court of Appeals for the Fourth Circuit or a petition for a writ of certiorari in the Supreme Court of the United States.  The record, however, shows that the petitioner did not file any such petition.

Third, in addition to the reasons provided above, the report and recommendation of the magistrate judge must be affirmed and adopted because <u>Descamps</u> does not support the petitioner's contentions.  The petitioner believes that <u>Descamps</u> stands for the proposition that "the residual clause does not apply, because the government waived the matter by not raising it."  The Court in <u>Descamps</u>, however, only held "that a conviction for burglary under California law does not categorically constitute a conviction for generic burglary, and thus cannot qualify as a predicate offense under the [ACCA] provision that references the generic crime."

7

United States v. Avila, 770 F.3d 1100, 1106 (4th Cir. 2014) (citing Descamps, 133 S. Ct. at 2293) ("Indeed, in Descamps itself the Supreme Court explicitly limited its holding to that specific provision in the ACCA referencing generic burglary."). As the United States Court of Appeals for the Fourth Circuit previously determined on direct appeal, the petitioner's offense "falls under the residual provision for crimes that 'otherwise involve[] conduct that presents a serious potential risk of physical injury to another.'" United States v. Davis, 689 F.3d 349, 358 (4th Cir. 2012) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). This Court does not see how the limited holding in Descamps rejects that previous ruling by the Court of Appeals. Therefore, the petitioner's § 2255 motion must be denied. Accordingly, the report and recommendation must be affirmed and adopted.

Further, regarding a certificate of appealability, Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the

Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability by this district court. The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

## IV. Conclusion

For the reasons stated, the magistrate judge's report and recommendation (ECF No. 114) is AFFIRMED AND ADOPTED. Accordingly, the petitioner's motion under 28 U.S.C. § 2255 (ECF No. 91) is DENIED. Further, the petitioner's objections are OVERRULED and the case is DISMISSED WITH PREJUDICE. In addition, the petitioner's motion to compel the respondent to file a response (ECF No. 102) is DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

9

must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 5, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE