IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM THOMAS DAVIS,

    Petitioner,

v.                                 Civil Action No. 5:13CV116
                              (Criminal Action No. 5:09CR21)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**ORDER DIRECTING THE UNITED STATES PROBATION OFFICE
TO PREPARE A REVISED PRESENTENCE REPORT,
DENYING PETITIONER'S MOTION FOR DETENTION HEARING
AND GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION FOR IMMEDIATE RELEASE
AND FOR APPOINTED COUNSEL**

On August 26, 2013, the petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1/91. The petitioner has also filed a motion for a detention hearing (ECF Nos. 142, 143) and a motion requesting the appointment of counsel and for his immediate release on a personal recognizance bond. ECF No. 152. Previously, the petitioner plead guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). This Court sentenced him to a mandatory minimum sentence of fifteen years imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). This Court found that the petitioner was an armed career criminal under the ACCA because he had committed three prior offenses categorized as "violent felon[ies]" under § 924(e)(2)(B). Specifically, the defendant was previously convicted of burglary, aggravated burglary, and attempted breaking and entering in West Virginia. The petitioner's prior conviction for attempted breaking and

entering was categorized as a "violent felony" under the "residual clause" of the ACCA, see United States v. Davis, 689 F.3d 349, 355-56 (4th Cir. 2012), which provides that, in addition to certain enumerated offenses, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year, that . . . **otherwise involves conduct that presents a serious potential risk of physical injury to another**." 18 U.S.C. § 924(e)(2)(B) (emphasis added). Based on the petitioner's classification as an armed career criminal under the residual clause, the petitioner received a sentencing enhancement under United States Sentencing Guideline § 4B1.4.

The petitioner filed his § 2255 motion arguing, in part, that he was improperly sentenced as an armed career criminal because the residual clause was unconstitutionally vague. This Court denied his motion, and the petitioner appealed to the United States Court of Appeals for the Fourth Circuit. While his appeal was pending, the Supreme Court held in Johnson v. United States, 135 S. Ct. 2551 (2015), that the residual clause of the ACCA is unconstitutionally vague. The Fourth Circuit then vacated this Court's denial of the petitioner's § 2255 motion and remanded with instructions to consider the effect of Johnson. Recently, the Supreme Court held that its decision in Johnson announced a substantive rule that applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). Additionally, the Fourth Circuit is set to decide In re Hubbard, No. 15-276, in the near future. The relevant issue in Hubbard is whether the Supreme Court's

2

holding in Johnson applies to certain United States Sentencing Guidelines that use language similar to the ACCA's residual clause.

After reviewing the record in light of Johnson and Welch, it appears that those holdings apply to the petitioner's sentence. The petitioner's prior conviction for attempted breaking and entering was considered a violent felony under the residual clause. Davis, 689 F.3d at 355-56. Therefore, the petitioner's record appears to warrant resentencing under Johnson. As to the pending decision in Hubbard, the United States Probation Office should review the extent to which that decision may affect the petitioner's sentence.[1]

Therefore, for the reasons set forth above, the United States Probation Office is hereby DIRECTED to prepare a revised presentence report in light of Johnson and Welch, and in consideration of the pending decision in In re Hubbard. Further, the petitioner's request for appointed counsel is GRANTED, and this Court will designate the appointed counsel at a later date by

---

[1] Under U.S.S.G. § 4B1.4(a), it states that a "defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." Section 4B1.4(b) then states in relevant part that "[t]he offense level for an armed career criminal is the greatest of . . . 34, if the defendant used or possessed the firearm or ammunition in connection with either a **crime of violence, as defined in § 4B1.2(a)**." (emphasis added). The term "crime of violence" under the Sentencing Guidelines and the term "violent felony" under the ACCA appear to share identical definitions. In the petitioner's case, however, his prior offenses may or may not be categorized as violent felonies under the ACCA, because such categorization was based on the residual clause. That means the petitioner could potentially no longer be considered an armed career criminal under the ACCA, and thus, potentially eliminate the relevant sentencing enhancement.

separate order. Upon receipt and review of the revised presentence report, this Court will decide what action, if any, is necessary regarding the resentencing of the petitioner. Accordingly, the defendant's motion requesting a detention hearing (ECF Nos. 142, 143) is DENIED, his request for immediate release on a personal recognizance bond is DENIED, and his motion seeking immediate release and appointment of counsel (ECF No. 152) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the petitioner by certified mail, to counsel of record herein, to the United States Probation Office, to the United States Marshals Service and to Lisa A. Coleman, CJA Panel Administrator, Office of the Federal Public Defender for the Northern District of West Virginia.

DATED:   May 12, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE